U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUL 0 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AGNES L. SMITH, ET AL | : | DOCKET NO. 07-1971 |
| VS. | : | JUDGE TRIMBLE |
| LIBERTY MUTUAL FIRE INS. CO., ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (doc. #12) filed by defendants, Liberty Mutual Fire Insurance Co. and JP Morgan Chase and Company, wherein the movers seek to have the claims filed against them dismissed on the ground that there is no material issue of fact for trial. For the reasons set forth below, the motion will be denied.

## FACTUAL STATEMENT

On November 2, 2006, plaintiffs, Agnes and Earnest Smith stopped at the Chase Bank (the "Bank") in Westlake, Louisiana. Mr. Smith pulled up diagonally in front of the bank, in one of the handicapped parking spaces to drop his wife off. Mrs. Smith exited the car and walked towards the entrance of the bank, however, in so doing, she tripped and fell to the ground causing injury. Mr. Smith saw his wife fall and immediately exited the car and assisted her. Another bank customer, Robert Rosteet, who was nearby in his car did not actually see Mrs. Smith fall, but he did observe her lying on the ground immediately after she had fallen. Mr. Smith immediately reported the incident to the bank manager, Julie Wall.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7]

---

[1] Fed. R.Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson,* 477 U.S. at 249.

[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Defendants maintain that Plaintiffs have failed to show that a hazardous condition existed, thus, there is no genuine issue of material fact, and Defendants are entitled to judgment as a matter of law. Defendants assert that Mrs. Smith testified that she did not know what tripped her. Defendants further assert that Mr. Rosteet and Ms. Wall both testified that they did not see anything protruding from the flowerbed that may have caused Mrs. Smith to trip and fall. Defendants present photographs taken days after the accident which establish that the flower bed edging was entirely contained within the flower bed when Mrs. Smith fell. Thus, Defendants argue that these witnesses' depositions confirm that the flower bed edging was not protruding out in any was so as to create a hazard, and that Ms. Smith must have walked through the flower bed which caused her to fall.

In rebuttal, Plaintiffs submit the following depositions: (1) Agnes Smith with photographs, (2) Earnest Smith with photographs, (3) Julie Wall with exhibits, (4) Robert Rosteet with photographs, (5) Doyle Glen Pennick with exhibits, and (6) Amanda Dixon. Mrs. Smith's deposition testimony reveals that even though she did not see what she tripped over as she was tripping, she testified that immediately after she fell, she observed a metal object protruding about eight (8) inches beyond the edge of the flowerbed which caught her foot and caused her to fall. She further testified that she saw this object immediately after her husband helped her up. She also testified that she did not walk through the flowerbed.

Mr. Smith testified that he was able to see the direction his wife was walking when she

---

[8] *Anderson*, 477 U.S. at 249-50.

3

tripped and fell. He further testified that he observed what caused his wife to fall – a piece of dark metal protruding about eight (8) inches from the flowerbed. Mr. Smith testified that Ms. Wall did not walk outside to the location of Mrs. Smith's fall, but walked to the front of the building and looked out the front window to the place where Mrs. Smith fell. Ms. Wall testified that she did go out to the flowerbed because she remembered kicking the metal piece he (Mr. Smith) said Mrs. Smith's foot caught on.[9]

Plaintiffs submit the deposition testimony of Doyle Glen Pennick, the owner of Landscape Management Services. Attached to Mr. Pennick's deposition is a Facility Service Request[10] dated December 5, 2006, wherein the following comments by Bonita M. Bledsoe, the Facilities Director on behalf of the Bank, are made:

> PLEASE TAKE CARE OF METAL EDGING STICKING OUT OF THE FRONT FLOWER BED. A CUSTOMER TRIPPED OVER IT. I'M AWARE THAT IT IS NOT IN A DESIGNATED WALKWAY, BUT STILL NEEDS TO [sic ] TAKEN CARE OF. THANK YOU.

Plaintiffs also submit the deposition testimony of Amanda Dixon, the assistant bank manager on duty at the time of the incident. After the incident, Ms. Dixon observed from the front window of the bank, what she thought was a white pipe which cause Mrs. Smith to trip and fall.[11] Ms. Dixon also called in the work order to Ms. Bledsoe to fix the "thing" in the flowerbed which caused Mrs. Smith to trip and fall.[12]

---

[9] Wall depo., p. 9, lines 4-6.

[10] Pennick 3, attached to Pennick depo.

[11] Dixon depo., p. 10.

[12] *Id.* p. 7.

After careful review and consideration of the summary judgment evidence submitted by the parties, the Court finds that Plaintiffs have met their burden of establishing a genuine issue of material fact for trial.

## CONCLUSION

Based on the foregoing, the motion for summary judgment is hereby denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of July, 2008.

*/s/ James T. Trimble*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE